(No. 77-CC-1804— )

Mayrose White, Claimant, *v.* State of Illinois, Respondent.

*Opinion filed March 15, 1979.*

Per Curiam.

This claim arises as the result of an employee request for reallocation to a higher job classification, and subsequent retroactive reallocation. The following facts are stipulated to by the office of the Attorney General.

On August 16, 1975, as the result of a survey of job duties, by the Department of Personnel, Instructor Classification was changed from Pay Grade 11 to 12. Mayrose White being on Step 5 of Pay Grade 11 received the minimum increase by going to Step 4 of Pay Grade 12. On June 1, her previous creditable service date, she was placed on Step 5. The action was incorrect in that Mayrose should have been placed on Step 5 on August 16, 1975, and should have received an August creditable service date. To correct this error it is necessary to give the difference between Steps 4 and 5 Pay Grade 12 for the nine and one-half months during the Fiscal Year 1976. The August 16, 1975, creditable service date makes her eligible for the July 1, 1977, increase to Step 6 with retroactive pay to December 1, 1976.

Ill. Rev. Stat., Ch 127, para. 145 provides as follows:

*"Amounts paid for appropriations for personal service of any officer or employee of the State, either temporary or regular, shall be considered as full payment for all services rendered between the dates specified in the*

payroll or other voucher and no additional sum shall be paid to such officer or employee from any lump sum appropriation, appropriation for extra help or other purpose or any accumulated balances in specific appropriations, *which payments would constitute in fact an additional payment for work already performed and for which remuneration had already been made, except that wage payments made pursuant to the application of the prevailing rate principle or based upon the effective date of a collective bargaining agreement* between the State, or a State agency and an employee group shall not be construed as an additional payment for work already performed." (Emphasis added)

The first part of the above cited statute is a clear and unequivocal prohibition of any additional payments "for work already performed" for payroll periods "for which remuneration had already been made", and presumably accepted, while the latter portion makes two exceptions to the general prohibition. The two exceptions are the retroactive payment to tradesmen who are paid in accordance with the pay scale prevailing in the geographic area of their employment, and the second exception has to do with claims for retroactive pay "based upon the effective date of a collective bargaining agreement."

Neither of these exceptions are involved in this case. This case involves an administrative error in failing to properly classify and compensate the Claimant for the work performed.

As stated in the Attorney General's stipulation, it is the position and opinion of the Attorney General that it was not the intent of the Legislature that Para. 145 of Ch. 127 to bar this Court from granting recoveries in cases arising out of properly processed grievances for reallocation or reclassification.

This Court has in the past granted awards for retroactive salary adjustments in cases involving clerical errors in either the calculation of a payroll voucher or where an automatic annual pay increase was erroneously missed.

In the case of *Poskus v. State of Illinois, 26 Ill.Ct.Cl. 107,* this Court awarded a half-time doctor a retroactive salary adjustment, after quoting from para. 145, stating in part:

"Nowhere is it contended that Claimant is requesting additional compensation for services performed, or that he has performed extra serivces. He is not asking payment for more than was appropriated, or for more than his contract of employment specifically provided, i.e., half the salary of a full-time physician. Because the contract of work was in a definite amount, and the sum paid to him by Respondent was admittedly below this amount, it cannot be contended that he was 'apparently paid for services in full.' Respondent's agents have clearly established that the sole reason for the nonpayment of the requested amount was a mistake. They have further established that Claimant was entitled to the sum of $1,812.25, which would have been paid to him but for Respondent's mistake. Respondent cannot profit from its own errors."

In the case at bar, not only should this claim be awarded because of the State's error in allocation but it should be granted because it is not prohibited by Ch. 127, para. 145.

This Court believes that the Legislature did not intend that para. 145 of Ch. 127 provide a means by which error, either clerical or otherwise, made by the State work for the benefit of the State at the expense of its employee.

This Court has stated many times that it is not a Court of Equity. However, an award in this case need not be grounded in equity or good conscience but may be grounded in law. A cardinal rule of statutory construction is to ascertain and give effect to the true intent and meaning of the Legislature enacting a law. *Electrical Contractors Association of the City of Chicago v. Illinois Building Authority, 33 Ill. 2d, 587,* where an employee is erroneously allocated to a lower paying position than his duties call for, he is being erroneously paid too low a salary and has, therefore, not been previously paid for services performed. As such retroactive payments would not be payments "for

which remuneration had already been made" the exclusion contained in para. 145 would not apply. Claimant is hereby awarded the sum of $437.00 plus the usual employer contributions to retirement and F.I.C.A. to be distributed as follows:

To the State Employees' Retirement System as follows:

$ 17.48 Employee's contribution to State Employees' Retirement System

$ 25.65 Employee's contribution to F.I.C.A.

$ 29.28 State's contribution to State Employees' Retirement System

$ 25.65 State's contribution to F.I.C.A.

To the Illinois State Treasurer to be remitted to the Internal Revenue Service:

$ 48.07 as Claimant's Federal Income Tax withholding for current taxable year.

To the Illinois Department of Revenue, Income Tax Division:

$ 8.74 as Claimant's Illinois Income Tax withholding for current taxable year.

To the Claimant:

$337.06 as Claimant's net salary after all of the above contributions and withholdings have been deducted from the above total employee benefit.